Gary D. NELSON, Appellant

v.

Shonda L. NELSON, Appellee.

No. 2008–CA–001861–ME.

Court of Appeals of Kentucky.

May 15, 2009.

Susie H. Moore, Henderson, KY, for appellant.

Joe A. Evans III, Madisonville, KY, for appellee.

Before COMBS, Chief Judge; WINE, Judge; GRAVES,[1] Senior Judge.

## OPINION

COMBS, Chief Judge.

Gary D. Nelson appeals an order of the Hopkins Family Court denying his motion to alter, amend, or vacate its previous order requiring him to pay $729.00 per month to his former wife, Shonda L. Nelson, for the support of their adult daughter. After our review, we affirm.

Ashley Nelson was born on October 20, 1984. By the time that she entered preschool, she exhibited critical developmental delays and a marked learning disability. Ashley persevered, and with special allowances, she graduated from high school in 2003. She received the core curriculum through special education courses. The Nelsons divorced in 2004 when Ashley was nineteen years of age. By that time, Ashley had begun working on a part-time basis at Ponderosa Steakhouse in Madisonville.

In an effort to expedite their divorce, the Nelsons entered into a property settlement agreement. In their agreement, the Nelsons acknowledged that "Ashley has limitations which adversely impact upon her ability to be gainfully employed and self-supporting." Property Settlement Agreement at 3. They both believed that it was important to encourage Ashley to seek and to maintain employment and to aspire to a degree of self-sufficiency consistent with her abilities. However, they anticipated that Ashley would be awarded social security insurance benefits. With or without this award, the parties acknowledged that it might be necessary for them to contribute to Ashley's financial support. Nevertheless, Shonda agreed that she would not request any financial assistance from Gary for Ashley's support for a period of two years. After that period of time, they agreed as follows:

> if Ashley is not gainfully employed on a substantially full time basis or has not qualified for disability benefits, Gary will provide financial assistance directly to Ashley not to exceed the sum of $150 per month during her periods of unemployment. *Id.* at 4.

The family court concluded that the provisions of the agreement were not unconscionable and dissolved the marriage.

On January 30, 2008, Shonda filed a motion requesting the family court to order Gary to contribute to Ashley's support. Gary responded with comprehensive requests for discovery. The discovery was filed with the court. It indicates that Ashley works at Ponderosa Steakhouse for approximately six to nine hours per week; that her reasonable and necessary monthly expenses exceed $740.00 per month; that she had been recently diagnosed with borderline intellectual functioning, moderate to severe receptive and expressive language deficits, and a significant hearing loss; that she suffers with a marked impairment with respect to her ability to carry out detailed instructions; that after

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

three automobile accidents over a one-year period, she became too afraid to drive a car; and that she had been denied social security disability insurance benefits.

At the hearing, Shonda testified that Ashley continues to work at Ponderosa Steakhouse and to reside with her in Madisonville. Shonda indicated that Ashley can tend to her personal hygiene and can heat several items in the microwave or a toaster oven. However, she cannot read an analog clock, cannot shop on her own, cannot do her own laundry, and cannot handle money efficiently. Shonda testified that Ashley has difficulty when she is asked to transition from working at the salad bar to the hot bar. She is able to function because her supervisors and co-workers at Ponderosa Steakhouse are helpful and patient. Shonda drives Ashley to work each week and picks her up after two or three hours. Shonda indicated that she could not foresee a time when Ashley could be expected to live independently.

Gary disputed Shonda's description of the severity of Ashley's disabilities. He acknowledged that Ashley was challenged in almost every respect, but he contended that there were jobs and tasks that she was capable of performing. Gary admitted that he had had only limited interaction with Ashley over the years, but he indicated that it was his understanding that he would not be responsible to pay more than $150.00 per month if Ashley ever became unemployed.

Ashley was not present at the hearing, but her medical records were made part of the record. William U. Weiss, a clinical psychologist, examined Ashley in April 2007. His report indicated that Ashley is impaired in her capacity: (1) to understand, retain, and follow instructions; (2) to sustain attention to perform simple repetitive tasks; (3) to relate to others; and (4) to tolerate the stress and pressures associated with day-to-day work activity. Weiss suggested that it was in Ashley's best interest to have a responsible person manage her money.

The Decision of the Social Security Administration's Office of Disability Adjudication and Review was also made part of the record. While she ultimately reached an unfavorable decision in Ashley's case, the administrative law judge who considered the matter specifically found that Ashley "is limited to simple one-to-two step tasks, and should avoid fast paced or quota based jobs, as well as noisy or distracting work environments." Decision at 5. The administrative law judge also concluded that Ashley "should have no sustained interaction with the general public." *Id.*

In its order entered July 23, 2008, the family court made a detailed, carefully analyzed finding that Ashley was a wholly dependent person due to a permanent physical or mental disability. Consequently, and pursuant to the provisions of Kentucky Revised Statute(s)(KRS) 405.020(2), the family court ordered Gary to contribute $729.00 per month toward Ashley's support. Gary moved to alter, amend, or vacate that order on August 1, 2008.

In his motion, Gary contended that the family court's finding that Ashley is a wholly dependent person is not supported by the evidence. Additionally, he argued that the court had erred by failing to enforce the parties' contractual arrangement limiting his responsibility for Ashley's support to the payment of no more than $150.00 per month upon her unemployment. The family court denied the motion, and this appeal followed.

 Pursuant to the provisions of KRS 405.020(2), parents of children who are wholly dependent because of a permanent physical or mental disability share a joint obligation to support them. A wholly

dependent child is not emancipated by operation of law at the age of eighteen, and her parents' support obligation continues even after the child reaches the age of majority. *Abbott v. Abbott,* 673 S.W.2d 723 (Ky.App.1983). Therefore, the family court maintains a continuing jurisdiction over support provisions that pertain to wholly dependent persons. *Id.*

The determination of whether a person is "wholly dependent" is a factual finding and will not be overturned unless it is clearly erroneous. Kentucky Rule(s) of Civil Procedure (CR) 52.01. A finding is not clearly erroneous if it is supported by substantial evidence. *Moore v. Asente,* 110 S.W.3d 336 (Ky.2003). Substantial evidence is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion[.]" *Id.* (quoting *Blankenship v. Lloyd Blankenship Coal Company, Inc.,* 463 S.W.2d 62 (Ky.1970)). A reviewing court is not at liberty to substitute its judgment for that of the trial court.

The evidence in this case demonstrates that Ashley is a determined, hard-working young woman. It also reveals that through the care and support of her mother and her immediate community, Ashley is able to perform at a level that would ordinarily exceed expectations in some respects. Nevertheless, the evidence clearly supports the family court's finding that she remains wholly dependent upon her parents for financial support and other assistance. The court's finding was not clearly erroneous.

Ashley's status was known to the parties at the time of the divorce, and the settlement agreement reflected their intention to encourage her to reach a degree of self-sufficiency. However, that agreement was executed within the context of an anticipated award of social security insurance benefits. Even if these expected benefits had been awarded, the parties acknowledged in their agreement that it would likely be necessary for each of them to contribute to her support. When the anticipated award was not made, the circumstances surrounding Ashley's need for support were altered. As a result, the family court did not err by ordering Gary to contribute to her financial support.

We affirm the order of the Hopkins Family Court.

ALL CONCUR.